UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  　　　　　　　　　　　　　　　　CASE NO. 8:18-cr-537-T-17JSS

NICHOLAS BOLLMAN

**NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 922(g)(1), possession of a firearm while a felon, as charged in Count One, are as follows:

First:  The Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

Second:  Before possessing the firearm or ammunition, the Defendant had been convicted of a crime punishable by imprisonment for more than one year (commonly referred to as a "felony"); and

Third:  At the time he possessed the firearm or ammunition, the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year.

## PENALTY

Count One is punishable by a maximum term of imprisonment of 10 years, a fine not to exceed $250,000, a term of supervised release of not more than three years, and a special assessment of $100.

Additionally, the defendant must forfeit property, pursuant to pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Among the items that will be forfeited are a Smith & Wesson model 586 .357 magnum revolver, which the defendant used in the commission of the offense to which he is pleading guilty.

## FACTUAL BASIS

On November 1, 2017, the defendant and a woman met an undercover ATF agent and an ATF confidential informant at a residence in New Port Richey, Florida. There, the defendant pulled a Smith & Wesson model 586 .357 magnum revolver from his waistband. The defendant and the woman sold the revolver and three rounds of ammunition to the undercover agent.

The pistol was not manufactured in Florida. Accordingly, it traveled in interstate or foreign commerce prior to recovery from the defendant in Florida on November 1, 2017.

Prior to the transaction described above, the defendant had been convicted of the following felonies:

    a.    Possession of Oxycodone, on or about August 11, 2014; and

    b.    Possession of Cocaine, on or about August 11, 2014.

When the defendant possessed the above-referenced firearm on November 1, 2017, he knew that he had been convicted in a court of a crime punishable by imprisonment for a term of more than one year. Additionally, when the defendant possessed the above-referenced firearm, his right to own, possess, or use a firearm had not been restored.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

    Respectfully submitted,

    MARIA CHAPA LOPEZ
    United States Attorney

By:   /s/ Taylor G. Stout
       Taylor G. Stout
       Assistant United States Attorney
       United States Attorney No. 171
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: taylor.stout@usdoj.gov

U.S. v. Bollman                                            Case No. 8:18-cr-537-T-17JSS

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Nicole V. Hardin, Esquire

    */s/ Taylor G. Stout*_____
    Taylor G. Stout
    Assistant United States Attorney
    United States Attorney No. 171
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:  (813) 274-6000
    Facsimile:  (813) 274-6358
    E-mail:  taylor.stout@usdoj.gov