# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                           **Case No.: 8:18-cr-537-T-17JSS**

**NICHOLAS LEE BOLLMAN**

_____ /

## SENTENCING MEMORANDUM

COMES NOW, NICHOLAS BOLLMAN, by and through undersigned counsel, Nicole Valdes Hardin, and pursuant to 18 U.S.C. §3553(a), and hereby files this Sentencing Memorandum in support of the imposition of a sentence which is below the advisory guideline imprisonment range, such a sentence being sufficient but not greater than necessary to achieve the purposes of sentencing as enumerated in 18 U.S.C. §3553(a)(2). As grounds in support thereof, Mr. Bollman shows as follows:

## FACTUAL AND PROCEDURAL HISTORY

Mr. Nicholas Bollman is a 25-year-old recovering methamphetamine

1

addict who has not used  the substance for about a year. However, at the time of the offense,  in November of 2017, Mr. Bollman was using daily. On this date,  Mr. Bollman was  a convicted felon primarily for drug related convictions.

Here, Mr. Bollman met an undercover source and sold him a firearm to raise money for his father's bail and his drug habit. When he was arrested, Mr. Bollman promptly admitted to the offense, and pled guilty when the case was charged. He remains out on bond since his arrest. He has been living in the community since that date, for nearly a year without incident. Since his arrest, Mr. Bollman has been routinely tested for use of controlled substances and has continued to have clean results. Indeed, Mr. Bollman has followed all the rules  placed upon him by the Court and has been supervised by Pretrial Services without  incident.

Mr. Bollman today is a different individual than the man who illegally sold  the firearm to the agent.  He credits his arrest with saving his life. He is committed to changing his life. Since his arrest, he voluntarily entered an in-

patient drug treatment program, and completed it successfully. ¶59. Following the completion of his in-patient program, he promptly moved into after care sober living housing. Id. He remains there to this day.

In addition to voluntarily remaining in intensive out-patient treatment, he continues to work. He works hard, full-time for a tree service. He finally has tools to cope in life without resorting to drug use, and he practices this coping every day. He has cut himself off from his old circle of friends and destructive people in his life. He has resided on bond, for nearly a year without incident. He continues to follow his Court ordered conditions of release, as well as seeking treatment beyond the Court's order.

Mr. Bollman grew up with substance abuse, beginning with his father. PSR ¶ 49. His father was a drug user who was in and out of prison. Id. His father was also abusive, coinciding with his substance abuse. It is sadly unsurprising that his father, a destructive force in his life since the beginning, was involved in this case as well. His father beat up his mother, and he witnessed some of the abuse. His mother left his father due to the abuse when

3

he was 10 years old. Id. But his father's indelible prints on his life remained. Mr. Bollman began struggling with substance abuse at 14 years of age. ¶56. He spiraled downward since then, until the past year.

As a result of his voluntary substance abuse counseling, Mr. Bollman remained clean, and changed his life. He continues to build on his treatment to learn tools to cope without resorting to drug use. Id. Battling a daily substance abuse habit won't be easy, but he continues to make enormous strides.

1.      *UNITED STATES V. BOOKER* **AND 18 U.S.C. § 3553(a)**

The decision of the United States Supreme Court in *United States v. Booker,* has rendered the United States Sentencing Guidelines "effectively advisory." *Booker,* 125 S. Ct. 738, 756 (2005). Pursuant to *Booker,* sentencing courts are required to   consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id. (citing* 18 U.S.C. § 3553 (a)). The defense would submit that an analysis of the 18 U.S.C. § 3553(a) factors support a finding that the advisory guideline imprisonment

4

range in Mr. Bollman's case is greater than necessary to accomplish the purposes of sentencing and that a variance in Mr. Bollman's case would be appropriate. As discussed below, application of the § 3553(a) factors to the facts of Mr. Bollman's case establishes that a lenient sentence, is "sufficient . . . to comply with the purpose" of 18 U.S.C. § 3553.

Thus, Mr. Bollman urges the Court to impose a fair but lenient sentence. As such, Congress instructs the Court to consider the same factors described above. *See* 18 U.S.C. § 3562(a) (directing sentencing court to consider factors set forth in 18 U.S.C. § 3553(a) in determining whether to impose sentence of probation).

## 2.   THE APPLICATION OF 18 U.S.C. § 3553(A) TO MR. BOLLMAN'S CASE

### A.   The nature and circumstances of the offense and the history and characteristics of Mr. Bollman.

Mr. Bollman admittedly committed a federal crime. However, the nature and circumstances of his offense and his personal history and characteristics, weigh in favor of a sentence that does not require

imprisonment. While the behavior was reprehensible and legally wrong it, was not of a violent nature. Nor, was his involvement remotely sophisticated. Mr. Bollman has sold the firearm with his father's girlfriend. Since receiving counseling he is working to resolve the drug use that led to this crime and the ones before. None of the firearms were large capacity semi-automatic weapons. Mr. Bollman's recent criminal record contains mostly charges relating to his drug use. Moreover, his entire record speaks to what he had been, a nonviolent heroin addict, who occasionally sold to support his habit.

**B.    The Purposes of Sentencing**

Section 3553(a)(2), lists four purposes of sentencing, which can be summarized

as:

           (1) just punishment;
           (2) deterrence;
           (3) protection of the public; and
           (4) rehabilitation.

Under the parsimony principal, the sentence in this case should

be the minimum necessary to accomplish the listed purposes. *See* § 3553(a); *Lacy*, 99 F. Supp. 2d at 119. Each of the purposes listed by § 3553(a)(2) would be achieved by a non-custodial sentence. Probation calculated Mr. Bollman's guidelines result in a range of 18 to 24 months. ¶ 64. It is respectfully suggested that a sentence of five years of probation with a special condition of home detention, would be appropriate. If the court does not feel that is an appropriate sanction, Defense respectfully requests a sentence a short prison sentence with supervised release and mental health and substance abuse treatment.

### C.      Just Punishment and Deterrence

With regard to a just punishment, Mr. Bollman's actions were no doubt morally wrong and legally forbidden. A sentence of probation with a special condition of home detention would allow probation to monitor Mr. Bollman, insuring his behavior. This sentence would have the happy by product that he can remain on the correct path. It would allow him to continue working and attending treatment. This sentence is more

7

than adequate to deter Mr. Bollman from engaging in similar conduct in the future. It is not one that would make either Mr. Bollman or the general public look lightly upon the behavior in which he was involved.

### D.    Protection of the Public

A term of imprisonment is unnecessary in this case to ensure the safety of the community. There is no indication in Mr. Bollman's recent history to suggest that he poses any danger to the public. Indeed, Mr. Bollman has remained at liberty for a year since the arrest without any signs of committing new law violations.

### E.    Rehabilitation

Mr. Bollman is able to reflect on what he has done, and move forward and learn from it. He sees clearly that his drug usage must stop and that his criminal behavior has always been directly linked to his usage. While there may be some rehabilitative programs available in prison, Mr. Bollman is clean and sober now and only requires follow up supervision and specialized treatment to keep him on that course. Prison will not have the

specialized mental health treatment in conjunction with substance abuse.

Mr. Bollman has done exceedingly well battling his addiction. He responded well to treatment and has made it a point to attend and live in after-care which is above and beyond the requirements of release. He is committed to a different life, and credits this arrest for saving him. Treatment of addiction involves changing deeply imbedded behaviors, and requires intense and ongoing work. In fact, one should learn and persevere in treatment, and adjust. That sort of response often leads to success in coping with addiction. Mr. Bollman proves he is willing to do the hard work of remaining sober.

**F.    The Kinds of Sentences Available (And Related Costs)**

Notably, housing Mr. Bollman in a federal prison will be significantly more  expensive to taxpayers and the federal government than allowing him to be sentenced   to home detention.  According to the presentence report, it would cost approximately $37,448.00 per year to house a mentally healthy Mr. Bollman at a federal prison. A sentence of community supervision is only

a taxpayer cost of $4,472.00. Additionally, he continues to work full-time.

## CONCLUSION

For the reasons stated herein, Mr. Bollman, respectfully urges this Court to impose a sentence of probation with a special condition of home detention. Such a sentence will be reasonable and will adequately take into account the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a).  Such a sentence will be a fair and just punishment.

Respectfully Submitted,

DONNA LEE ELM
FEDERAL
DEFENDER

## /s/ Nicole Hardin

Nicole Valdes
Hardin Florida Bar
No. 026194
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Fax: (813) 228-2562
Email: Nicole_Hardin@fd.org

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of November 2019, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Taylor Stout, AUSA

*/s Nicole Valdes Hardin*
Nicole Valdes Hardin
Assistant Federal Defender